WOOD *v.* VILLAGE OF MIDDLEVILLE.

1. Municipal Corporations—Special Assessment—Trunk Line Highway Widening.

    Record in class action to declare void a special assessment levied by defendant village upon abutting owners for part of village's share in cost of project for widening State trunk line highway within the village *held*, to support findings of trial court that the improvements were for the benefit of the general public and were burdens to the abutting owners.

2. Same—Special Assessment—Benefit to Property—Evidence.

    Evidence that widening and paving a village street as part of State trunk line highway improvement with attendant increased volume of traffic 24 hours a day at higher speeds resulting in annoying house vibrations and noise, that valuable frontage on the street was lost, and that the new highway was substantially higher than certain abutting property with the result that snow removal equipment threw snow, ice, gravel, and salt onto plaintiffs' lawns, shrubbery, and homes, tended to establish general benefits to the village and State rather than to prove special benefits to abutting property beyond these general benefits, and special assessment on plaintiff owners of property abutting the street to defray 1/2 the cost to village of entire project was therefore void.

3. Same—Special Assessment—Benefit to Owners of Property.

    Benefits received by owners of property abutting village street which was widened, paved, and curbed in connection with relocation of State trunk line highway are determined by comparison of the situation before the improvements to that after the entire project had been completed.

---

References for Points in Headnotes

[1] 48 Am Jur, Special or Local Assessments §§ 184, 188.
[2, 3] 48 Am Jur, Special or Local Assessments §§ 21, 26, 38, 40, 41.
[4] 48 Am Jur, Special or Local Assessments § 21.
[5] 5 Am Jur 2d, Appeal and Error § 882.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

4. SAME—SPECIAL ASSESSMENTS—BENEFIT.

Special assessments are made upon the assumption that a portion of the community is to be specially and peculiarly benefited in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds, and special contributions in consideration of the special benefit are made by persons receiving the benefit.

5. APPEAL AND ERROR—FINDING OF FACTS.

Court of Appeals does not weigh the evidence if the trial court's findings of fact are supported by the evidence.

6. COSTS—CLASS SUIT—SPECIAL ASSESSMENTS—WIDENING TRUNK LINE HIGHWAYS—MUNICIPAL CORPORATIONS.

No costs are allowed in class action to declare void special assessment imposed by village to defray a part of its portion of cost of project to widen State trunk line highway within the village, a public question being involved.

Appeal from Barry, McDonald (Archie D.), J. Submitted Division 3 December 6, 1967, at Grand Rapids. (Docket No. 3,055.) Decided April 3, 1968.

Complaint by Timothy Wood and 32 others against the Village of Middleville, its president, clerk, treasurer, and village trustees to declare void a special assessment levied by defendants against plaintiffs' properties. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Paul O. Strawhecker,* for plaintiff.

*Dutchess, Mika, Miles, Meyers & Beckett,* for defendants.

BURNS, J. Plaintiffs brought a class action under GCR 1963, 208.1 to declare void a special assessment levied by defendants against properties which abutted Arlington street in the village of Middleville. The trial court sitting without a jury found

that plaintiffs received no special benefit from the improvement of Arlington street and declared the special assessment of the village council to be void and to constitute no lien upon plaintiffs' properties. The village of Middleville appeals.

The Michigan State highway department and the village of Middleville agreed in 1954 that Arlington street, then a two-lane gravel road within the village, was to be paved and widened to 46 feet, including curbs and gutters, in conjunction with the improvement and relocation of M–37, a State trunk line highway. The final cost to the village of Middleville was $11,200 or 13.05% of the total cost of the improvement within the village. This amount was made available from village funds by action of the council on April 1, 1957. The contract was let on a joint bid in May of 1957.

Actual work on the project began in late May or early June of 1957. At the regular meeting of the council on July 1, 1957, a special assessment of $2 per front foot was levied for curbs and gutters upon the property along Arlington street inside the village. On November 26, 1962, long after construction had been completed, the council declared a reassessment of $1.50 per front foot because it concluded that the 1957 special assessment was invalid by reason of irregularity or informality in the assessment. CL 1948, § 68.13 (Stat Ann 1961 Rev § 5.1361).

Although defendant has raised 5 alleged errors in its appeal, essentially there is one issue for our consideration: did the trial court err in finding that plaintiffs did not receive any special benefits from the above described project?

The trial court as trier of facts in the case determined that the properties in the special assessment roll were especially burdened rather than specially benefited by the improvement. Several of the prop-

erty owners testified to this effect. Witnesses complained of the increased volume of traffic 24 hours a day at higher speeds, which resulted in annoying house vibrations and noise. They also stated that valuable frontage on Arlington street was lost and that the new highway grade was substantially higher than certain abutting property. This resulted in the highway department's snow removal equipment throwing snow, ice, gravel, and salt onto the plaintiffs' lawns, shrubbery, and homes. Prior to the relocation project the residents along Arlington street enjoyed a quiet, well-drained gravel road. If there were special benefits, that fact was never reflected in assessed valuations for property tax purposes.

We are not unaware of what might appear to be evidence to the contrary, but we are of the opinion that such evidence tended to establish general benefits to the village and State as a whole rather than to prove special benefits to certain properties beyond these general benefits.

We find unpersuasive the argument that the detriments enumerated on the record were a result of the widening and not of the curbs and gutters for which plaintiffs were assessed. In fact, although not in formal name, plaintiffs were being assessed for the cost of much more than a curb and gutter project, which was a relatively small item amounting to approximately 7% of the $11,200 cost to the village. The special assessment was to defray roughly one half of the cost to the village of the entire project in the village of Middleville including clearing, grading, all paving with integral curb and gutter, culverts, sodding and many costly incidentals. Plaintiffs were being assessed on a single integrated project. The relevant comparison in order to determine benefits, therefore, was the situation before

the widening and curbing to that after the entire project had been completed.

. Since the plaintiffs were actually assessed in large measure for the entire roadway project including curbs and gutters, this case is controlled by *Fluckey* v. *City of Plymouth* (1960), 358 Mich 447, and *Knott* v. *City of Flint* (1961), 363 Mich 483. In the *Fluckey Case* a ditch-drained blacktop road 22 feet in width in a primarily residential area was replaced by a concrete road 48 feet in width, with integral curb and appurtenances. That case is particularly interesting on the issue of benefits because the only benefit, if any, to abutting property owners would have to be the new curbs and appurtenances since the Court held that no benefit accrued by virtue of the paving, the road having been already paved. Therefore, the reasoning in *Fluckey* must be binding in the instant case where defendant claims the assessment to be solely for curbs and gutters.

We quote the sound reasoning of the Supreme Court:

"It may well be that traffic and industrial conditions in a community justify the conversion of a sleepy country road into a 4-lane thoroughfare for heavy traffic. * * * [p 450]

"But does the home owner whose property abuts the new highway receive a special benefit for which he should pay a special assessment? The contrary would seem to be more accurate. * * * [p 451]

"The theory of the special assessment is that a special benefit has been conferred, over and above that conferred upon the community itself. Cooley's exposition of the problem makes clear the theory of the special assessment:

" 'The general levy of taxes is understood to exact contributions in return for the general benefits of government, and it promises nothing to the persons taxed, beyond what may be anticipated from an ad-

ministration of the laws for individual protection and the general public good.  Special assessments, on the other hand, are made upon the assumption that a portion of the community is to be specially and peculiarly benefited. in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds; and, in addition to the general levy, they demand that special contributions, in consideration of the special benefit, shall be made by the persons receiving it.' " [p 453]

It is not our function on appeal to weigh the evidence if the trial court's findings of fact are supported by the evidence.  We cannot say such findings of fact are clearly erroneous.  GCR 1963, 517.1.

Judgment affirmed.  No costs, a public question being involved.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.